819 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles PERKINS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3849.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 30, 1987.
Decided May 27, 1987.
 
 Before ERVIN, CHAPMAN and WILKINSON, Circuit Judges.
 J. Michael Matthews, Fisher and Matthews, PA, on brief, for petitioner.
 George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation; Thomas L. Holzman, Assistant Counsel for Appellate Litigation; Michael J. Denney, Attorney, United States Department of Labor, on brief, for respondent.
 PER CURIAM:
 
 
 1
 Charles Perkins filed in 1973 for black lung benefits pursuant to 30 U.S.C. Secs. 901 et seq. The Secretary of Labor denied benefits. His claim was subsequently reviewed under the 1977 Act and again denied. Perkins requested a hearing before an Administrative Law Judge (ALJ). After conducting the hearing, the ALJ granted benefits. The Department of Labor appealed, and the Benefits Review Board reversed the award of benefits. Perkins petitions for review of that determination.
 
 
 2
 The ALJ concluded that the evidence submitted by Perkins was sufficient to invoke the presumption pursuant to 20 C.F.R. 727.203(a)(4). The medical evidence on which the ALJ relied included one ventilatory study with qualifying values, which was accompanied by Dr. Gilliard's interpretation of the study. Dr. Gilliard stated that the values were consistent with severe obstructive lung disease. The Department of Labor hired Dr. Burki to review that study. Dr. Burki found the ventilatory study non-qualifying because it was "poorly legible, no volume or time calibrations visible."
 
 
 3
 Dr. Perez concluded that Perkins suffered from black lung disease, stating, "[a]ccording with [sic] the tests done, especially the Pulmonary Function Study his diagnosis is black lung disease." Perez also stated that Perkins was totally and permanently disabled.
 
 
 4
 Dr. Hunter diagnosed possible pneumoconiosis, but could not make a definitive diagnosis since he lacked access to X-rays or ventilatory studies. Hunter noted Perkins reported a decrease in his activity level. Dr. Yelton, also without benefit of X-rays or pulmonary studies, found no evidence of significant lung or heart disease. Dr. Buie also found that Perkins exhibited no signs of cardiovascular problems, and was in very good condition for his age. Dr. Deyton reviewed an X-ray and found no evidence of pneumoconiosis. Dr. Johnson found some evidence of interstitial pulmonary disease, but found no reason to connect it to silicosis except Perkins' occupational history.
 
 
 5
 The Benefits Review Board (BRB) reversed the award of benefits, finding that the ventilatory study did not meet the quality standards and thus did not constitute substantial evidence. Consequently, Dr. Perez's medical opinion was unsupported, since it relied on that study. Dr. Perez cited no specific history or symptoms substantiating his diagnosis in the absence of the ventilatory study. The BRB also concluded that the rest of the medical evidence did not support the invocation of the interim presumption.
 
 
 6
 We find no error in the BRB's conclusion. Conformance with the quality standards enunciated for medical tests is not merely a technicality; results may be affected by such factors. Absent the rejected ventilatory study, Dr. Perez's diagnosis is totally unsubstantiated. Only Dr. Hunter also found a possibility of black lung, but again, he had no medical evidence to reinforce that possibility.
 
 
 7
 We find the BRB's decision supported by substantial evidence and uphold the denial of benefits. Because the dispositive issues have recently been authoritatively decided, we dispense with oral argument and affirm the judgment.
 
 
 8
 AFFIRMED.